UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| BRADLEY D. HAUB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-cv-00128-TWP-DML |
| | ) | |
| MIKE PELAYO Nurse, | ) | |
| DUSTIN MILLER Officer, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Motion to Amend and
Directing Service of Process to Sheriff Rodger Newlon**

**I. Motion to Amend**

The plaintiff's motion to amend his complaint, dkt. [14], is **granted in part and denied in part,** consistent with the discussion below. The amended complaint filed on September 7, 2018, dkt. 14, **is the operative complaint.**

**II. Screening**

The Court shall now screen the amended complaint pursuant to 28 U.S.C. § 1915A(b). Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief.

The amended complaint seeks to add claims against defendants Sheriff Rodger Newlon and the Washington County Sheriff's Department. The plaintiff seeks compensatory damages and injunctive relief in the form of an apology.

The amended complaint alleges essentially the same claims of deliberate indifference to a serious medical need that were alleged in the original complaint against defendants Dustin Miller and Mike Pelayo. **Those claims are proceeding**.

The amended complaint further alleges that Sheriff Rodger Newlon was aware of the fact that the plaintiff had requested but been denied necessary medical treatment when he had blood in his stool. The plaintiff alleges that Sheriff Newlon was aware of the plaintiff's attempts to see medical staff. The Sheriff also allegedly denied a local hospital's request to keep the plaintiff overnight for observation, and instead ordered that the plaintiff be returned to the Washington County Jail. The amended complaint states a plausible claim of deliberate indifference to a serious medical need against Sheriff Rodger Newlon. **This claim shall proceed**.

The amended complaint alleges that employees, including nurse Pelayo, of the Washington County Sheriff's Department, failed to address his medical needs. To the extent the plaintiff seeks to bring a claim against the Sheriff's Department based on its employees' actions, there is no supervisory liability in a civil rights claim. *Zimmerman v. Tribble,* 226 F.3d 568, 574 (7th Cir. 2000) (*respondeat superior* does not apply to section 1983 actions). In addition, to allege a viable claim against the Sheriff's Department, there must be an alleged procedure, policy, or practice of the Sheriff's Department that caused a constitutional violation. *See Monell v. Dept. of Soc. Serv. of the City of New York,* 436 U.S. 658, 694 (1978); *Grieveson v. Anderson,* 538 F.3d 763, 772 (7th Cir. 2008); *Estate of Sims v. County of Bureau,* 506 F.3d 509, 514-15 (7th Cir. 2007). No such policy or practice is alleged. The claim against the Washington County Sheriff's Department is **dismissed for failure to state a claim upon which relief can be granted.**

In addition, although the amended complaint uses the term "negligence," which does not state a constitutional claim, the Court finds that the factual allegations arguably support claims of deliberate indifference. *See Waubanascum v. Shawano County,* 416 F.3d 658, 670 (7th Cir. 2005) (neither negligence nor a violation of state law provide a basis for liability under § 1983).

### III. Service of Process

The **clerk is designated** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendant Sheriff Rodger Newlon in the manner specified by Rule 4(d). Process shall consist of the amended complaint filed on September 7, 2018 (docket 14), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

The **clerk shall add to the docket** defendant Sheriff Rodger Newlon.

The defendant who has appeared in this action **shall have through October 26, 2018,** in which to answer or otherwise respond to the amended complaint.

**IT IS SO ORDERED.**

Date: 9/25/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

BRADLEY D. HAUB
Washington County Jail
801 Jackson St., Suite 100
Salem, IN 47167

Matthew W. Conner
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
mconner@boselaw.com

Philip R. Zimmerly
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
pzimmerly@boselaw.com